Tara Keller, Esq., CA #265916
CONSUMER ATTORNEYS PLLC
68-29 Main Street
Flushing, NY 11367
T: 718-874-6929
E: tkeller@consumerattorneys.com

*Attorneys for Plaintiff*
*Lucia Maxima Gonzalez Tomas*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| LUCIA MAXIMA GONZALEZ TOMAS,<br><br>Plaintiff,<br>vs.<br><br>CITIBANK, N.A.,<br><br>Defendant. | Case No.: 5:26-cv-1522<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Lucia Maxima Gonzalez Tomas ("Plaintiff") brings this action against Citibank, N.A. ("CBNA" or "Defendant") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendant for violations of the Fair Credit Billing Act, 15 U.S.C. § 1666, *et seq*.

## PARTIES

2. Plaintiff is a natural person residing in Anza, California, and a "person"

as defined by 15 U.S.C. § 1602(e).

3. Defendant is a financial institution servicing Plaintiff's Home Depot credit card and has a principal place of business located at 5800 S Corporate Pl, Sioux Falls, SD 57108.

4. Defendant is a "creditor" as that term is defined by 15 U.S.C. § 1602(g).

5. Defendant is a "person" as defined by 15 U.S.C. § 1602(e).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, and 15 U.S.C. § 1666.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## STATEMENT OF FACTS

### Fraudulent Activity on Plaintiff's Home Depot Account

8. Since around 2018, Plaintiff has had a Home Depot credit card with Defendant, which constitutes an "open end consumer credit plan" as defined by 15 U.S.C. § 1602(j).

9. Plaintiff previously resided at 40430 Mayberry Ave, Hemet, CA 92544-8749 ("Mayberry"). Around April 2024, Plaintiff moved to her current address at Hill Street, Anza, CA but continues to own the property at Mayberry and still receives some mail there.

10. Concerned that unauthorized individuals might access her personal information through mail delivered to Mayberry, Plaintiff periodically checked the

mailbox at Mayberry.

11. During her checking, Plaintiff discovered letters and credit cards for accounts she had never opened.

12. It was clear that Plaintiff's identity was stolen.

13. On or about September 11, 2025, Plaintiff received a text message from Home Depot informing Plaintiff that her order was scheduled for delivery. Plaintiff was confused as she had not made any purchase that required delivery, so she immediately contacted Home Depot.

14. Plaintiff then went to Home Depot in-person and obtained copies of the purchase documents, including a customer receipt dated September 8, 2025 (the "Receipt").

15. According to the Receipt, the purchase was made using Plaintiff's name but was scheduled to be delivered to 6262 Argyle Ave, San Bernardino, CA 92404, an address Plaintiff does not recognize. The email address listed on the Receipt is luciag1970.951@gmail.com, which does not belong to Plaintiff and has never been used by her.

16. The Receipt reflects a total charge for the items of $2,626.39 plus sales tax of $174.89 and less discount of $250.00, with a net charge of $2,551.28 for the order. The Receipt listed the following purchases ("Unauthorized Transactions"):

(a) Samsung 27 in. Laundry Pedestal – $279.00

(b) Samsung 27 in. Laundry Pedestal – $279.00

(c) Front Load Pedestal Install – $0.00

(d) Front Load Pedestal Install – $0.00

(e) Samsung 5 cu. ft. Front Load Washer – $848.00

(f) Haul Away Your Old Appliance – $50.00

(g) Stainless Steel Washer Hose 2PK – $36.98

(h) Samsung 7.5 cu. ft. Gas Dryer – $948.00

(i) Haul Away Your Old Appliance – $50.00

(j) Gas Dryer Parts Kit – $39.98

(k) Natural Gas Dryer Install – $19.99

(l) Semi-Rigid Dryer Duct – $27.48

(m) GE/SMSG STM Dryer Hose – $8.96

(n) Home Delivery – $39.00

17. Plaintiff did not authorize or initiate any of the Unauthorized Transactions.

18. Plaintiff filed several police reports with the Fontana Police Department regarding the fraudulent activity.

19. On or about November 18, 2025, Plaintiff disputed the Unauthorized Transactions with Defendant.

20. On or around November 24, 2025, Defendant received the dispute.

21. Plaintiff did not receive any response from Defendant regarding the dispute.

22. In Plaintiff's December 21, 2025, January 21, 2026, and February 18, 2026 account statements, Defendant never removed or refunded the disputed Unauthorized Transactions amounting to $2,551.28.

23. On or about February 20, 2026, Plaintiff received a collection notice letter from Defendant regarding Plaintiff's Credit Account.

24. The collection notice, translated into English, states that immediate action is required and warns that the account may be assigned to a collection agency. The notice further explains that Plaintiff's Home Depot Consumer Credit Card account is seriously past due and that no acceptable payment arrangement has been reached, despite Plaintiff's prior dispute of the unauthorized charges.

25. On March 6, 2026, Plaintiff submitted a complaint to the Internet Crime Complaint Center ("IC3").

26. To date, Defendant has not removed the erroneously billed amounts in connection with the Unauthorized Transactions from Plaintiff's account.

27. Defendant failed to conduct any investigation of the disputed Unauthorized Transactions in response to Plaintiff's disputes in violation of the FCBA.

28. Plaintiff thus remains liable for $2,551.28 in unauthorized charges that were fraudulently made on her credit account.

29. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of

their agency or employment, and under the direct supervision and control of the Defendant herein.

30. At all relevant times, the conduct of Defendant, as well as that of its respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

31. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff suffered out-of-pocket damages.

32. As a further result of Defendant's unlawful actions, inactions, and willful disregard for Plaintiff's rights, Plaintiff has suffered significant harm, including loss of access to essential funds required for personal and household expenditures, depriving her of the ability to purchase necessities.

33. Defendant's conduct has caused Plaintiff severe emotional and psychological distress, leaving her in a state of anxiety, depression, and paranoia. Plaintiff now lives with a constant fear of further unauthorized transactions and financial repercussions, making her feel insecure about her financial standing and vulnerable to continued harm. The stress caused by Defendant's actions has manifested in physical symptoms, including high blood pressure and diagnosed depression.

34. The mental and emotional toll from this ordeal has consumed Plaintiff's mind and affected her ability to function in her daily life. Plaintiff feels emotionally

exhausted and overwhelmed, and the unrelenting dread caused by Defendant's imposition of wrongful liability continues to erode her overall quality of life. These damages are a direct result of Defendant's failure to comply with its obligations under the FCBA, including its refusal to remove the amounts erroneously billed.

**COUNT I**
**15 U.S.C. §§ 1666 *et. seq.* (FCBA)**
**Violation of the Fair Credit Billing Act**

35. Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

36. The unauthorized transactions that took place on Plaintiff's Credit Account were "billing error[s]" within the meaning of 15 U.S.C. § 1602 (j).

37. Plaintiff provided Defendant written notice of the dispute in compliance with 15 U.S.C. § 1666(a)(1)-(3).

38. Defendant failed to conduct a good-faith, or any, investigation or correct the billing errors within two complete billing cycles after receiving notice, in violation of § 1666(a)(B)(ii).

39. Defendant's conduct was knowing, willful, and in bad faith.

40. As a result of Defendant's violations of the FCBA, Plaintiff has suffered damages as described herein. As a result, Defendant is liable to Plaintiff for actual, statutory, and punitive damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1640(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i. Determining that Defendant negligently and/or willfully violated the FCBA;

ii. Pursuant to 15 U.S.C. § 1640(a), awarding Plaintiff statutory damages, actual damages, punitive damages, and reasonable attorney's fees and costs;

iii. Pre-judgment and post-judgment interest as permitted by law;

iv. Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: March 30, 2026

*/s/ Tara Keller*
Tara Keller, Esq., CA #265916
CONSUMER ATTORNEYS PLLC
68-29 Main Street
Flushing, NY 11367
T: 718-874-6929
E: tkeller@consumerattorneys.com

*Attorneys for Plaintiff,*
*Lucia Maxima Gonzalez Tomas*